JANET GREESON
greesonjan@aol.com
#161000, PO Box 2743
Carson City, NV 89702
702-222-1988
DEFENDANT, PRO SE

UNITED STATES DISTRICT COURT FOR

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| ROCKSHORE INVESTMENTS, LLC, A Nevada Limited Liability Corporation<br>Plaintiff,<br>vs.<br>1 WORLD FOUNDATION LIMITED, RODERICK A. KAGY, an individual, JANET GREESON, an individual, DAVID CHARLES MILLER, an individual, RO FINANCIAL GROUP, INC., and DOES through 10, inclusive,<br>Defendant(s) | Case No.: 8:14-cv-00884-CJC-(JCGx)<br><br>**DEFENDANT GREESON'S MOTION TO ENFORCE PREVIOUS SETTLEMENT AGREEMENT AND DISMISS COMPLAINT**<br><br>**Hearing Date: APRIL 20, 2017**<br>**Hearing Time: 10 AM**<br>**Judge: HON. JAY C. GANDHI**<br>**Place: 6A** |

**DEFENDANT GREESON'S MOTION TO ENFORCE PREVIOUS SETTLEMENT AGREEMENT AND DISMISS COMPLAINT**

This Motion is made following the conference of Plaintiff Counsel and Defendant Greeson pursuant to L.R. 7-3 which took place on March 9, 2017.

*(Defendant is Pro Se. This motion and memorandum in support were both prepared by Defendant with some assistance by a Paralegal and reviewed by a lawyer.)*

Pro se Defendant Janet Greeson hereby moves the Court to enforce the parties' January 31, 2016, Settlement Agreement and Mutual Release (attached hereto as **Exhibit A**) and to dismiss the complaint against her on the grounds that the entire cause of action contained in Plaintiff's complaint in this case was released in the attached 2016 Settlement Agreement and Mutual Release.[1]

As the Court is well aware, *release* is a defense enumerated in Rule 8(c)(1), F.R.C.P. The defense was raised and explained in the Second Affirmative Defense in Defendant's answer, filed June 30, 2016. (Doc. 95, Page ID#711). The drafters of the federal rules made clear that a claim that had been previously released could not be relitigated and that bringing to the Court's attention the existence of a release was sufficient to require an order enforcing the dismissal of a previously released claim. That is the relief sought by Defendant Greeson. The Plaintiff's claim against this Defendant, having been released in the January 2016 Settlement Agreement and Mutual Release, may not continue to be maintained in this Court and relitigated after already being released. Defendant Greeson

[1] In this motion and the memorandum of law in support of the motion, Defendant will refer to the Settlement Agreement and Mutual Release as either the *agreement* or the *release*.

accordingly moves the Court to enforce the Settlement Agreement and Mutual Release and to order the complaint dismissed.

(Defendants Kagy and 1 World Foundation Limited have already been dismissed as a result of the Settlement Agreement and Mutual Release, and Defendants David Charles Miller and RO Financial Group, Inc., were voluntarily previously dismissed by Plaintiff, pursuant to Rule 41(a), F.R.C.P. For this reason, dismissing the complaint now against Defendant Greeson will have the effect of dismissing the entire case.)

The Settlement Agreement and Mutual Release was reached as a result of court-supervised mediation, with Mitchell R. Goldberg as mediator, on or about January 31, 2016.

It is undisputed that Defendant Greeson was an Officer, Vice President, and agent for 1 World Foundation Limited (hereinafter, "1 World"). Pursuant to the unambiguous provisions of the Settlement Agreement and Mutual Release, all officers, employees, or agents of 1 World were likewise released. No exception was made for Defendant Greeson. The unambiguous terms of the Settlement Agreement and Mutual Release may not be altered or contradicted by parole evidence, such as emails, correspondence, or negotiations between the parties.

Defendant has filed a memorandum in support of this motion, setting forth the short and simple facts relevant to this motion, along with legal authorities and

argument. Defendant will quote from the Settlement Agreement and Mutual Release and will demonstrate to the Court that no patent ambiguity exists and that accordingly the Court may not consider parole evidence to alter and contradict the plain meaning of the Settlement Agreement and Mutual Release.

Respectfully submitted,

______________________________

/s/ Janet Greeson, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that on this March 22, 2017, I have furnished to Plaintiff's counsel a true copy of the foregoing motion to enforce settlement agreement and dismiss complaint by electronically filing said motion with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

___________________________________

/s/ Janet Greeson